**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| U.S. COMMODITY FUTURES TRADING COMMISSION, | No. 08-56165 |
| Plaintiff - Appellee, | D.C. No. 8:07-cv-01437-CJC-RNB |
| v. | |
| FOREX LIQUIDITY LLC, | MEMORANDUM[*] |
| Defendant, | |
| _____ | |
| ROBERT GRAY, | |
| Intervenor - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Cormac J. Carney, District Judge, Presiding

Submitted June 8, 2010[**]
Pasadena, California

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before: D.W. NELSON and GOULD, Circuit Judges, and DOWD, Senior District Judge.***

Appellant Robert Gray appeals the district court's order denying his motion to intervene and granting Receiver-Appellee Robb Evans and Associates' motion for a distribution order and related administrative orders.

We have jurisdiction over Gray's appeal of the intervention order because the "denial of a motion to intervene as of right under Rule 24(a)(2) is appealable as a final order within the meaning of 28 U.S.C. § 1291." *Sagebrush Rebellion, Inc., v. Watt*, 713 F.2d 525, 527 (9th Cir. 1983). The district court found Gray's motion to intervene untimely, a finding we review for abuse of discretion. *United States v. $129,374 in U.S. Currency*, 769 F.2d 583, 585 (9th Cir. 1985).

A court "consider[s] three criteria in determining whether a motion to intervene is timely: (1) the stage of the proceedings; (2) whether the parties would be prejudiced; and (3) the reason for any delay in moving to intervene." *Nw. Forest Res. Council v. Glickman,* 82 F.3d 825, 836 (9th Cir. 1996). All three factors support the district court's finding. Gray moved to intervene at a late stage of the proceedings, after the Receiver had 1) conducted discovery, 2) filed an interim report, and 3) developed a second interim report and an outlined

---

&ast;&ast;&ast;    The Honorable David D. Dowd, Jr., Senior U.S. District Judge for the Northern District of Ohio, sitting by designation.

distribution plan with input from creditors, customers, and Gray himself. As the district court noted, permitting intervention at such a late stage of the proceedings "would likely disrupt the orderly and efficient administration of the estate" and "may also result in prejudice to Forex's numerous creditors and customers, particularly because all of those customers' accounts remain frozen." Finally, like the district court, we find unpersuasive Gray's reason for delay–that the Receiver gave Gray copies of Forex's records on digital media without optical recognition capability, allegedly making information retrieval tedious and difficult.. The district court was well within its discretion when it found Gray's motion to intervene untimely. We affirm the intervention order.

We do not have jurisdiction over Gray's appeal of the distribution orders. Gray acknowledges that the distribution orders do not dispose of the underlying litigation, but argues that the orders are appealable as collateral orders. "Orders that do not dispose of the entire litigation are appealable as collateral orders if they [1] conclusively determine the disputed question, [2] resolve an important issue completely separate from the merits of the action, and [3] are effectively unreviewable on appeal from a final judgment." *S.E.C. v. Capital Consultants LLC*, 453 F.3d 1166, 1171 (9th Cir. 2006) (per curiam) (quotations and alterations omitted). Here, first, the distribution orders at issue were merely an intermediate

3

step, not a conclusive determination, in the disposition of the assets discussed in the orders. Second, distributing Forex's assets equitably is one of the central purposes of the receivership and, correspondingly, of the underlying action. *See id.* at 1172. Even if the distribution orders will be effectively unreviewable on appeal from the eventual final judgment in the underlying action, the orders clearly fail the first two prongs of the collateral order test and thus are not appealable as collateral orders.

**AFFIRMED** in part, **DISMISSED FOR LACK OF JURISDICTION** in part.